YORKE v. AUTO CITY SPEEDWAY, INC.

1. APPEAL AND ERROR—NONJURY CASE—FINDINGS OF FACT.
   Findings on issues of fact by a trial judge in a nonjury case stand, on appeal, as analogous to a jury verdict for defendant had the case been tried before a jury.

2. THEATERS AND SHOWS—AUTOMOBILE RACE TRACK—NEGLIGENCE—PROTECTION OF SPECTATORS.
   Defendant automobile race track owner was not guilty of negligence as a matter of law, where he had failed to provide a more effective barrier at place along the track not intended for use by spectators, and plaintiff, who was not a paid spectator, was standing and was injured by an unusual accident which could not be reasonably anticipated.

Appeal from Genesee; Baker (John W.), J. Submitted October 9, 1959. (Docket No. 43, Calendar No. 47,825.) Decided November 25, 1959.

Case by Arthur Yorke against Auto City Speedway, Inc., a Michigan corporation, for personal injuries sustained while in unprotected area at race track. Judgment for defendant. Plaintiff appeals. Affirmed.

*Maile, Leach & Silver,* for plaintiff.

*Burroughs & Milliken,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 896.
[2] 52 Am Jur, Theaters, Shows, Exhibitions, and Public Resorts § 69. Liability of owner or operator of auto race track for injury to patron. 37 ALR2d 391, 405.

Per Curiam.  Plaintiff—an adult—sued defendant for negligence, arising from a serious injury suffered by him when a racing automobile left defendant's race track near Flint and hurtled over a dirt embankment.  Judgment entered for defendant.  Plaintiff appeals.

Prior to the declared occurrence plaintiff entered defendant's race track premises without paying admission and walked several hundred feet toward the north end of the track, away from the amply protected bleacher and grandstand area provided for spectators.  Access to the position where plaintiff stood, when he saw the car headed toward him, was gained by walking upon the adjacent premises of a Mr. Begole.  The car struck plaintiff when the latter was on or near the boundary line dividing the race track premises from those of Mr. Begole.

The case was tried to the court.  The trial judge, having posed the question whether plaintiff's status was that of a trespasser and the separate question whether defendant owed plaintiff any duty as alleged, concluded generally as follows:

"In this case it was demonstrated that a place reserved for spectators had been set aside behind a concrete wall and a fence erected on the top thereof. The so-called knoll or mound of dirt erected in area A where the accident occurred, was designed to provide some protection, but was found to be ineffective in this case.  This does not mean that defendant was not in the exercise of reasonable care or could have reasonably foreseen that this accident would happen.  It cannot be said that in view of the testimony, that this danger was known to the defendant.  In the experience of the witnesses, this was an unusual type of accident and not one which could be reasonably anticipated."

The presented issues were factual.  There being no claim that the findings of the trial judge are con-

trary to the clear preponderance of the evidence, such findings stand here as analogous to a jury verdict for defendant had the case been jury-tried. This leaves but 1 question, whether plaintiff is right when he says the testimony makes out a case of actionable negligence as a matter of law. We hold it does not.

The unusual and unexpected nature of this unfortunate accident created at best (for plaintiff) issues with respect to which reasonably-minded persons might fairly differ. Plaintiff, having selected (his original demand for jury trial was withdrawn) a reasonably-minded person to decide such issues, is in legal position where the trier of facts, being entitled so to do, has in the absence of reversible error decided against him.

Considering the record as a whole, and particularly plaintiff's testimony that he was not a paid spectator and was viewing the race from a position where he knew spectators were not supposed to be, we must assume that the trial judge resolved the preliminary question whether the testimony established a legal duty of defendant to plaintiff, following which he proceeded to a resolution of the factual questions involved. We find no error on his part in so doing.

Affirmed. Costs to defendant.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.